O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA TOVAR, an individual; ALEXANDER SAENZ, and individual,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, an Ohio corporation; ANA FUENTES, an individual; and DOES 1-100, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:11-CV-02999-DDP (AGRx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br><br><br><br><br>[Dkt. No. 18] |

　　　Presently before the court is Plaintiffs' motion to remand this case to state court for want of federal jurisdiction. After reviewing the papers submitted by the parties, the court GRANTS the motion and adopts the following Order.

**I.　Background**

　　　On April 20, 2010, Mario Tovar ("Decedent") met with Ana Fuentes ("Fuentes"), a licensed insurance agent, to purchase life insurance coverage. (First Amended Complaint ("FAC") at ¶ 9).

Through Fuentes, the Decedent executed and provided the necessary application, and paid the initial premium to Western Reserve Life ("WRL"), a corporation engaged in the marketing and selling of life insurance policies. (FAC at ¶¶ 8,17). The policy designated Rosa Tovar, Alexander Saenz, and Erika Tovar, respectively the Decedent's wife, step-son, and daughter, as beneficiaries. (Id. at ¶ 1). The very next day, Decedent was shot and killed in the jewelry store he owned and operated. (Id. at ¶ 19). The Decedent's beneficiaries reported his death to WRL and have requested payment of all the benefits under the life insurance policy. (Id. at ¶ 22). WRL, however, has refused to pay. (Id. at ¶ 3)

On March 3, 2011, Rosa Tovar, Alexander Saenz, and Erika Tovar, the Plaintiffs[1], filed suit in state court against WRL and Fuentes. The FAC alleges various causes of action under California law, including (1) Breach of Contract against WRL (FAC at ¶ 20-25); (2) Breach of Implied Covenant of Good Faith and Fair Dealing against WRL (Id. at ¶ 26-33); (3) Fraud and Deceit[2] against WRL (Id. at ¶ 34-41); (4) Unfair Competition pursuant to California's Unfair Competition Law against WRL (Id. at ¶ 42-46); and (5) Professional Negligence against Fuentes (Id. at ¶ 47-56).

On April 8, 2011, Defendants removed the suit to federal court on grounds of diversity of citizenship. Plaintiffs now bring this motion to remand, arguing that Defendants cannot maintain a suit

---

[1] Erika Tovar was dismissed without prejudice from this action on May 23, 2011.

[2] This claim was dismissed without prejudice on May 23, 2011.

grounded in diversity for lack of complete diversity.[3] The court agrees.

## II. Legal Standard

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). A diversity action may only be removed to federal court where there is complete diversity of citizenship. Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).

Nevertheless, "one exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)(quotation marks omitted); Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998) (holding that fraudulently joined defendants will not defeat removal on diversity grounds). "[T]here is a general presumption against fraudulent joinder," Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206

---

[3] Plaintiffs and Defendant Fuentes are, and at all relevant times were, California residents. (FAC at ¶¶ 5,6,7,9). Defendant WRL is, and at all relevant times was, an Ohio corporation. (Id. at ¶ 8).

3

1  (9th Cir. 2007), but fraudulent joinder will be found "[i]f the
2  plaintiff fails to state a cause of action against a resident
3  defendant, and the failure is obvious according to settled rules of
4  the state." Ritchey, 139 F.3d at 1318.
5      Additionally, the party asserting fraudulent joinder bears the
6  burden of proof, United Computer Sys., Inc. v. AT&T Corp., 298 F.3d
7  756, 763 (9th Cir. 2002), and remand must be granted unless the
8  defendant establishes that there is no possibility that the
9  plaintiff could prevail on any cause of action it asserted against
10 the non-diverse defendant. See Levine v. Allmerica Fin. Life Ins.
11 & Annuity Co., 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).
12 **III. Discussion**
13     Defendant WRL asserts that, even though Fuentes and Plaintiffs
14 are both citizens of California, diversity jurisdiction exists
15 because Fuentes is a sham defendant named in this action for
16 purpose of defeating diversity jurisdiction. (See Opp. at 1:14).
17 Defendant WRL further argues that because there is no possibility
18 for Plaintiffs to prevail on their California law claim against
19 Fuentes, complete diversity is not defeated by the inclusion of
20 Defendant Fuentes in the suit. (Id. at 2:12-14). The court
21 disagrees.
22     "[W]here the agent contracts in the name of the insurer and
23 does not exceed that authority, the insurer is liable and not the
24 agent." Briano v. Conseco Life Ins. Co., 126 F.Supp.2d 1293, 1298
25 (C.D.Cal.2000)(citations omitted). However, it is an "established
26 rule that if a dual agency exists, the law does not foreclose
27 recovery by the insured." Id. (citation and quotation marks
28 omitted). "Under California law, a 'dual-agent' theory requires

4

that the insurance agent act on behalf of the insured in some way beyond his or her capacity as an agent for the insurer." Good v. The Prudential Insurance Company of America, 5 F. Supp. 2d 804, 808 (N.D. Cal.1998). "An insurance agent cannot be a dual agent unless he or she is either an independent broker or has a long-term, special relationship with the insured." Id. (citation and internal quotations omitted). A lone allegation that the insurance agent had superior knowledge of his insurance products and that the agent led the plaintiff to believe he was acting in his best interests is insufficient to establish a dual-agent relationship. See id.

Here, unlike in Good, Plaintiffs allege more than a bald assertion that Fuentes had superior knowledge or that she failed to act in Plaintiffs best interests. For example, Plaintiffs allege that Fuentes had a special relationship with the Decedent and his family, as Plaintiff Alexander Saenz, his wife, and his in-laws had previously relied on Fuentes' advice to purchase life insurance policies. (FAC at ¶ 51). Additionally, Plaintiffs assert that Fuentes does not sells life insurance solely for the benefit of WRL but, instead, sells coverage for various companies. (FAC at ¶ 9). As such, Plaintiffs have provided facts supporting their argument that Fuentes acted as a dual agent. (See Reply 2-3:18-2).

The question of whether an insurance agent is a "dual-agent" is one of fact, and, as such, is to be decided in favor of the non-removing party. See Levine, 41 F.Supp.2d at 1079. Resolving all factual and legal ambiguities in Plaintiffs' favor, the court finds that Defendant WRL did not prove that it is completely impossible for Plaintiffs to prevail in their argument that Fuentes was a

dual-agent. Consequently, as Defendant WRL has failed to establish that Fuentes is a fraudulent defendant joined for the sole purpose of defeating the complete diversity requirement. For the aforementioned reasons, the court finds that the parties are not completely diverse from each other. Accordingly, this court lacks subject matter jurisdiction over this matter, and the case must be remanded. Levine, 41 F. Supp. 2d at 1078; 28 U.S.C. 1447(c).

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand to state court is GRANTED.

IT IS SO ORDERED.

Dated: March 22, 2012

DEAN D. PREGERSON
United States District Judge